J-S11010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DESEAN KINGWOOD :
:
Appellant : No. 987 EDA 2018

Appeal from the PCRA Order March 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012048-2008

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 14, 2019**

Appellant, Desean Kingwood, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On August 8, 2008, [Appellant] was arrested and charged with Attempt[ed] Murder and related offenses. On April 22, 2013, [Appellant] appeared before this [c]ourt and elected to be tried by a jury. On April 26, 2013, a jury convicted [Appellant] of Attempt[ed] Murder, Aggravated Assault, Firearms Not to be Carried Without a License ("VUFA 6106") and Recklessly Endangering Another Person ("REAP"). On December 11, 2013, this [c]ourt imposed a sentence of fifteen to thirty years of incarceration on Attempt[ed] Murder, and concurrent sentences of five to ten years of incarceration on Aggravated Assault and one to two years of incarceration on VUFA 6106 and REAP, for a total sentence of fifteen to thirty years of incarceration.

On January 6, 2014, [Appellant] filed a timely appeal to the Superior Court arguing that a pre-trial ruling regarding the admission of prior bad acts was in error.[1] On July 21, 2014[, Appellant] entered into a negotiated guilty plea in two unrelated cases, CP-51-CR-0005759-2013 and CP-51-CR-0005760-2013, to Third-Degree Murder, Attempt[ed] Murder, and VUFA 6106 for a cumulative term of twenty to forty years of incarceration.[2] On August 5, 2015, the Superior Court ruled that the motion court abused its discretion in regards to the 404(b) evidence and remanded this case for a new trial.

> [1] On January 11, 2013, the Honorable Earl Trent heard the pre[-]trial motions and ruled that evidence regarding another robbery was admissible, finding that its probative value outweighed its prejudicial impact.
>
> [2] [Appellant] was sentenced in CP-51-CR-0005759-2013 to twenty to forty years of incarceration for Third-Degree Murder and a concurrent period of one to five years of incarceration on VUFA 6106. [Appellant] was sentenced concurrently in CP-51-CR-0005760-2013 to nineteen to forty years of incarceration on Attempt[ed] Murder. That [c]ourt ordered the sentence served under CP-51-CR-0005759-2013 to be served consecutively to the fifteen to thirty year sentence imposed by this [c]ourt for a cumulative sentence of thirty five to seventy years of incarceration.

On June 23, 2016, [Appellant] entered into an open guilty plea before this [c]ourt on Attempt[ed] Murder, Aggravated Assault, VUFA 6106, and REAP[1]. On September 7, 2016, the [c]ourt imposed a sentence of ten to twenty years on Attempt[ed] Murder and two to four years of incarceration on VUFA 6106,[3] for a cumulative sentence of ten to twenty years of incarceration, to be served consecutive[ly] to the unrelated sentences on CP-51-CR-0005759-2013 and CP-51-CR-0005760-2013. [Appellant] did not file a direct appeal.

---

[1] 18 Pa.C.S. §§ 2502(a), 2702(a), 6106(a)(2), and 2705, respectively.

> > [3] This [c]ourt imposed no further penalty on Aggravated Assault and REAP.
> >
> > On October 2, 2017, [Appellant] filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition. On January 24, 2018, appointed PCRA counsel filed an amended petition. On January 25, 2018, after finding [Appellant's] claims meritless, this [c]ourt issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On February 13, 2018, [Appellant] filed a response to the 907 Notice.[4]
> >
> > > [4] Though [Appellant] asserts in his response that he believes the [c]ourt mistakenly imposed a consecutive sentence, he offers no new claims.

PCRA Court Opinion, 3/8/18, at 1-2.

On March 8, 2018, the PCRA court dismissed Appellant's PCRA petition. On March 17, 2018, Appellant filed a motion to reconsider the PCRA court's March 8, 2018 order, which the PCRA court denied on March 20, 2018. Appellant filed a notice of appeal on March 29, 2018, followed by a Pa.R.A.P. 1925(b) statement. The docket entries reflect that the Pa.R.A.P. 1925(a) opinion filed was the same opinion that was filed March 8, 2018.

Appellant presents the following issues for our review:

> 1. Did the [PCRA] court judge commit error or abuse its discretion by denying the Appellant's request to file a direct appeal, *nunc pro tunc*, from the judgment of sentence that was imposed upon [Appellant] in this matter on September 7, 2016 where his trial attorney in this matter failed to file such a direct appeal from that sentence of ten (10) to twenty (20) years, consecutive to [Appellant's] previously imposed negotiated sentence of twenty (20) to forty (40) years in CP-51-CR-0005759-2013 and CP-51-CR-0005760-2013.

2. Did the [PCRA] court[2] commit error or an abuse of discretion by refusing to conduct an evidentiary hearing on the Appellant's Motion for Reconsideration of the lower court's Order of March 8, 2018, where the [PCRA] court could have heard testimony at such a hearing which would have been helpful to it in more fairly and justly adjudicating [Appellant's] sentence, including the following:

> a. Testimony from prior defense counsel as to [Appellant's] limited intelligence and why [Appellant] misunderstood the terms of his open guilty plea and expected greater leniency from the trial court judge than what he ultimately received at sentencing;

> b. Testimony from a mental health expert, or his mental health report, who could testify as to what abilities and disabilities would be characteristic of an individual with an IQ level of 63, such as [Appellant], who was classified as either "mentally retarded" or "mentally disabled," a phrase that was used later in the field of psychoanalytics.

> c. Testimony from the Appellant himself as to what he claims to have understood from his conversations with prior defense counsel, both before and at the time of his open guilty plea hearing on June 23, 2016 and his sentencing hearing on September 7, 2016.

Appellant's Brief at 3-4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of

_____

[2] Appellant incorrectly refers to the lower court as the trial court. As illustrated, however, Appellant is challenging the PCRA court's action following the entry of the order denying his PCRA petition.

- 4 -

record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first issue as listed in his brief's statement of questions involved, Appellant asserts that the PCRA court erred by denying his request to file a direct appeal, *nunc pro tunc*, from his judgment of sentence, where his attorney failed to file a direct appeal. Appellant's Brief at 3. Further, in the summary of the argument section of his brief, Appellant maintains that the PCRA court erred in denying his request to file an appeal, *nunc pro tunc*, where Appellant had a discussion with his attorney prior to and after his plea of guilty that would lead Appellant to believe that a direct appeal would be filed for him. ***Id.*** at 10. Appellant's Pa.R.A.P. 1925(b) statement also lists as his first issue counsel's ineffectiveness for failure to file a direct appeal following Appellant's request that he file an appeal. Pa.R.A.P. 1925(b) Statement, 4/5/18, at 1. Thus, it appears that Appellant is making an argument that counsel was ineffective for failing to file a direct appeal when Appellant had requested that he do so.

In the argument section of his brief, however, Appellant varies his argument and asserts that the PCRA court erred in denying his request to file

- 5 -

a direct appeal *nunc pro tunc* because he did not voluntarily and intelligently enter his plea. Appellant's Brief at 11-14. Appellant did not assert in his Pa.R.A.P. 1925(b) statement, however, that he should be permitted to file a direct appeal *nunc pro tunc* based on an unknowing and unintelligent entry of a guilty plea. Pa.R.A.P. 1925(b) Statement. Because Appellant did not raise this claim in his Pa.R.A.P. 1925(b) statement, it is waived. ***See Commonwealth v. Hill***, 16 A.3d 484, 491 (Pa. 2011) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."). Thus, only Appellant's claim that counsel was ineffective for failing to file a direct appeal pursuant to Appellant's request has been preserved for our review.

Furthermore, despite preserving and raising the issue regarding counsel's ineffectiveness for failure to file a direct appeal per his request, Appellant has failed to develop it. As a result, such claim is waived. ***See Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009) (finding claims waived "for failure to develop them in any meaningful fashion capable of review"); ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) ("It is well-established that [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

Assuming *arguendo* that the issue was not waived for failure to develop it, we would conclude that Appellant's claim is meritless. Our Supreme Court

has explained the following in addressing an ineffective assistance of counsel claim:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975–76 (1987):  (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

**Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011).  "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012).  An allegation of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs.  **Commonwealth v. Williams**, 863 A.2d 505, 513 (Pa. 2004).  "The burden of proving ineffectiveness rests with Appellant." **Commonwealth v. Rega**, 933 A.2d 997, 1018 (Pa. 2007).

Appellant's cursory averment that he asked trial counsel to file a direct appeal on his behalf, and counsel failed to do so, is insufficient to satisfy Appellant's burden.  "[B]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request."  **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999).  "A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal."

*Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006) (citing

*Harmon*, 738 A.2d at 1024.). Appellant presents no evidence supporting his

claim that he directed counsel to file a direct appeal. Thus, this claim lacks

merit.

Moreover, to the extent that Appellant may aver that even in the

absence of a request by a defendant, counsel may still be ineffective for failing

to file a direct appeal, his claim lacks merit. This Court in *Commonwealth*

*v. Touw*, 781 A.2d 1250 (Pa. Super. 2001) summarized the United States

Supreme Court case of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), as

follows:

> If counsel has not consulted with the defendant, the
> court must in turn ask a second, and subsidiary,
> question: whether counsel's failure to consult with the
> defendant itself constitutes deficient performance.
> That question lies at the heart of this case: Under
> what circumstances does counsel have an obligation
> to consult with the defendant about an appeal?

The Court answered this question by holding:

> [C]ounsel has a constitutionally-imposed duty to
> consult with the defendant about an appeal when
> there is reason to think either (1) that a rational
> defendant would want to appeal (for example,
> because there are nonfrivolous grounds for appeal),
> or (2) that this particular defendant reasonably
> demonstrated to counsel that he was interested in
> appealing. In making this determination, courts must
> take into account all the information counsel knew or
> should have known.

A deficient failure on the part of counsel to consult with the
defendant does not automatically entitle the defendant to
reinstatement of his or her appellate rights; the defendant must

show prejudice. The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."

*Touw*, 781 A.2d at 1254 (quoting *Roe*, 528 U.S. at 480).

Where no request has been made, an appellant must establish that a duty to consult was owed. Under *Roe* and *Touw*, an appellant may establish a duty to consult by indicating issues that had any potential merit for further review.

*Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006).

Appellant does not assert that counsel failed to consult with him about an appeal. Additionally, Appellant has failed to establish that a consultation was owed. Appellant has failed to indicate any issues that had potential merit for further review. *Bath*, 907 A.2d at 623. Therefore, we conclude that Appellant has not met his burden of establishing prejudice by counsel's failure to consult with him regarding a direct appeal. In the absence of prejudice, we cannot find that counsel was ineffective.[3] Thus, even if Appellant's claim is not deemed waived, he would not be entitled to relief.

_____

[3] We are cognizant of the holding in *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003), and its progeny, which eliminated the requirement of proof of prejudice in an ineffective assistance of counsel claim regarding a failure to file a direct appeal. *Liebel* applies only where the appellant has requested the filing of a petition for allowance of appeal and counsel has failed to comply. *Bath*, 907 A.2d at 623 (Pa. Super. 2006). Because this analysis is conducted on the basis of Appellant's claim that counsel was required to file a direct appeal, absent Appellant's request, it is inapplicable.

In the second issue presented in his brief, Appellant argues that the PCRA court erred or abused its discretion by refusing to conduct an evidentiary hearing on his motion for reconsideration of the PCRA court's denial of his PCRA petition. Appellant's Brief at 3. Appellant maintains that if an evidentiary hearing had been held, the PCRA court would have heard testimony that would have been helpful to it "in more fairly and justly adjudicating [Appellant's] sentence." *Id.* Specifically, Appellant maintains that there would have been testimony regarding Appellant's limited intelligence, Appellant's IQ and Appellant's testimony as to "what he claims to have understood from his conversations with prior defense counsel, both before and at the time of his open guilty plea hearing on June 23, 2016[,] and his sentencing hearing on September 7, 2016." *Id.* at 3-4.

Review of Appellant's *pro se* PCRA petition and amended PCRA petition, however, reflects the absence of any assertion of the PCRA court's error for failing to hold an evidentiary hearing on Appellant's motion for reconsideration in order to hear testimony related to Appellant's limited intelligence or any intellectual disability. *Pro Se* PCRA Petition, 10/2/17, at 1-3; Amended PCRA Petition, 1/24/18, at 1-10. Further, Appellant's Pa.R.A.P. 1925(b) statement includes a claim that the trial court erred in denying Appellant's motion for reconsideration without holding an evidentiary hearing to hear testimony from Appellant's trial attorney regarding Appellant's expectations related to sentencing. Pa.R.A.P. 1925(b) Statement, 4/5/18, at 1-3. No assertion was

made therein that the PCRA court erred in failing to hold an evidentiary hearing in order to gather evidence regarding an alleged intellectual disability. *Id.* Thus, to the extent that Appellant argues on appeal that the PCRA court erred in dismissing Appellant's motion for reconsideration without holding an evidentiary hearing regarding Appellant's intellectual disability, such claim is waived. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (claim raised for first time on motion for reconsideration of PCRA court's dismissal of PCRA petition is waived); *Hill*, 16 A.3d at 491.

Furthermore, had such claim not been waived, we would conclude that the PCRA court did not err in failing to hold an evidentiary hearing on the motion for reconsideration of the denial of the PCRA petition. We first note that there is no right to an evidentiary hearing on a PCRA petition. *See Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) ("There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.") (citation omitted); Pa.R.Crim.P. 907(2). Here, Appellant has failed to demonstrate that any of the claims presented to the PCRA court raised a genuine issue concerning any material fact.

Moreover, there is no requirement that a PCRA court hold an evidentiary hearing prior to denying a motion for reconsideration of an order denying a PCRA petition. "A motion for reconsideration is not a post-trial motion. A

- 11 -

motion for reconsideration is addressed to the **sound discretion** of the trial court and may be filed within thirty days of the date of the order upon which reconsideration is sought." ***Ellenbogen v. PNC Bank***, ***N.A.***, 731 A.2d 175 n. 7 (Pa. Super. 1999) (emphasis added) (quoting ***Moore v. Moore***, 634 A.2d 163, 166 (Pa. 1993). A court is not required to act upon a motion for reconsideration. Pa.R.A.P. 1701(b)(3). As this Court has explained in addressing motions for reconsideration:

> the filing of [a motion for reconsideration] does not toll the time period for the filing of an appeal. Rather, preserving the trial court's discretion in this regard merely protects the trial court's prerogative to review its own decision within thirty days after its issuance.

***Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1286 n. 3 (Pa. Super. 2013). Moreover, the comment to Pa.R.A.P. 1701(b)(3) provides: "If the [motion for reconsideration] lacks merit the trial court … may deny [it] by the entry of an order to that effect or **by inaction**." Pa.R.A.P. 1701(b)(3) cmt. (emphasis added). ***See also Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000) (discussing Pa.R.A.P. 1701 and the requirement that a motion for reconsideration must be expressly granted in order to toll the appeal period).

Thus, it is clear that the PCRA court did not err in declining to grant Appellant an evidentiary hearing on the motion to reconsider the denial of his PCRA petition. There is no requirement that the PCRA court act on a motion to reconsider; thus, it has no obligation to hold an evidentiary hearing on it.

Moreover, the information and report regarding Appellant's asserted intellectual disability was presented to the trial court at the time of sentencing. N.T. (Sentencing), 9/7/16, at 6-7, 18-20. The trial court at that time offered sound reasons for the sentence it imposed. *Id.* at 25-28. Therefore, the PCRA court committed no abuse of discretion in declining to give Appellant an opportunity for a repeat performance.

Furthermore, assuming *arguendo* that Appellant had not waived his claim that he expected a more lenient sentence, his claim would not warrant relief. Appellant's challenge to the alleged excessive harshness of his sentence constitutes a challenge to the discretionary aspects of his sentence.[4] "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (citing 42 Pa.C.S. § 9543(a)(2)(vii)). As such, we would be precluded from reviewing Appellant's discretionary aspects of sentencing claims.

Order affirmed.

Judge Murray joins the Memorandum.

P.J.E. Ford Elliott concurs in the result.

---

[4] "Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." *Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003).

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/19